[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKECOUNT TWO (#104)
The defendant has moved to strike the second count of the plaintiff's complaint on grounds that Connecticut does not recognize a cause of action for an implied warranty of good and workmanlike conduct arising out of an oral agreement for boarding plaintiff's horse at defendant's stables.
A motion to strike may be used "to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.) Diviney v. Smith, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287011 (February 26, 1992, 6 Conn. L. Rptr. 82, 87, n. 4.) (Katz, J.). Nevertheless, this court also finds "that when the motion to strike is being used to test a new cause of action, a trial court should permit the plaintiff to develop a factual basis for the claim. . . . Sometimes legal questions require a factual setting within which to be decided. Just because we have a pleading device called a motion to strike it [should not] be regarded as a straightjacket preventing a proper testing of new legal theories." Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525217, (July 6, 1995, Corradino, J.) (14 Conn. L. Rptr. 534.).
Accordingly, the defendant's motion to strike the second count is hereby denied.
It is so ordered.
BY THE COURT: CT Page 8241
ARENA, J.